Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

MARCH 13, 2013
WILLIAM M. McCOOL, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR13 081 MJP |
| Plaintiff, | ) |
| | ) INDICTMENT |
| v. | ) |
| | ) |
| DENNIS NGUYEN, | ) |
| CHRISTOPHER ROLON-GONZALES, | ) |
| SANTIAGO ZAYCO, | ) |
| FRANCISCO MONTES, | ) |
| Defendants. | ) |

The Grand Jury charges that:

**COUNT 1**
**(Conspiracy to Commit Access Device Fraud)**

A.   **The Offense**

1.   Beginning at a time unknown, but within the last five years and no later than November 2012, and continuing through on or about February 11, 2013, at Everett and Seattle, within the Western District of Washington, and elsewhere, the defendants, DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree together to commit offenses against the United States, to wit:  to knowingly, and with the intent to defraud, effect transactions, with one or more access devices

INDICTMENT/NGUYEN et al. - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

issued to another person or persons, to receive payment and any other thing of value during any one-year period, namely, the one-year period ending on February 11, 2013, the aggregate value of which is equal to or greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

**B.     Object of the Conspiracy**

2.     The object of the conspiracy was to obtain cash, funds, and items of value from financial institutions as well as from merchants and other retail establishments by using means of identification of others, including debit and credit card account information and personal identification numbers ("PINs"), without the legitimate owners' knowledge or authorization.

**C.     Manner and Means of the Conspiracy**

3.     It was part of the conspiracy that, on no less than eleven separate occasions, various conspiring individuals located in Canada, known and unknown to the Grand Jury, surreptitiously replaced the credit/debit card point-of-sale terminals (i.e., the pin-pads) at various businesses, most commonly, coffee shops located in British Columbia and elsewhere, with specially modified pin-pads that contained a "skimming device" and a wireless bluetooth device. The skimming device is designed to capture and retain the information, or track data, encoded on the magnetic strips of the bank, credit, and debit cards passing through the device, and the corresponding PINs entered by the customers to conduct a legitimate transaction. The wireless bluetooth device is designed to transmit the aforementioned "skimmed" customer information to other electronic devices with bluetooth capability, such as cellular phones, tablets, and computers.

4.     It was further part of the conspiracy that various conspiring individuals located in Canada, known and unknown to the Grand Jury, using electronic devices with bluetooth capability, such as cellular phones, tablets, and computers remotely accessed and down/uploaded the information captured and retained on the skimming devices contained in the specially modified pin-pads, namely, means of identification of card users.

5.     It was further part of the conspiracy that various conspiring individuals located in Canada, known and unknown to the Grand Jury, transferred the aforementioned information onto

other electronic storage devices, such as computers, and onto storage media accessible through the Internet.

6. It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, periodically traveled to the United States, specifically, the State of Washington, from Canada, while in possession of device-making equipment, such as computers and card encoders, and in possession of and with access to electronically stored means of identification fraudulently obtained through skimming activity, such as account data and PINs (i.e., unauthorized access devices), to meet with co-conspirators located in the United States, including CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO, and others known and unknown to the Grand Jury. At times, DENNIS NGUYEN stored such equipment and items with co-conspirators in the State of Washington when traveling back to Canada.

7. It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, obtained alternative access devices, namely, plastic cards containing magnetic strips, also known as "white plastic," to serve as raw stock for the purpose of electronically recording onto such cards the means of identification of others, including account data, obtained through the aforementioned skimming activity, for the purpose of making counterfeit cards (i.e., counterfeit access devices).

8. It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, using computers, encoding software, encoders, and other electronic devices, transferred and "re-encoded" the financial account data obtained through the aforementioned skimming activity onto the alternative card stock, the "white plastic," in order to create counterfeit cards.

9. It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, using computers, label-making software, label-makers, and other electronic devices, made labels with the PINs pertaining to the financial account data obtained through the aforementioned skimming activity, and affixed those labels onto the corresponding counterfeit card.

10.     It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, provided the counterfeit cards and the corresponding PINs to co-conspirators, to include CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO, and others known and unknown to the Grand Jury, along with specific directions regarding the use of the means of identification, such as where and how to use the counterfeit cards.

11.     It was further part of the conspiracy that CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, used the counterfeit cards and PINs to conduct unauthorized transactions, namely, cash withdrawals from Automated Teller Machines (ATMs) owned and operated by financial institutions and unauthorized transactions at merchants and other retail establishments, all without legal authority and without the knowledge and permission of the actual account holders and the financial institutions.

12.     It was further part of the conspiracy that CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, after conducting unauthorized transactions over a period of time and in exchange for payment, returned cash proceeds of the scheme, transaction receipts, and counterfeit cards to DENNIS NGUYEN.

13.     It was further part of the conspiracy that DENNIS NGUYEN, and others known and unknown to the Grand Jury, returned to British Columbia and transferred the cash proceeds from the United States, specifically, the State of Washington, to Canada.

14.     It was further part of the conspiracy that DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, intended by their actions to defraud and deceive the financial institutions as well as merchants and other retail establishments.

**D.     Overt Acts**

15.     In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the

Grand Jury, within the Western District of Washington and elsewhere, committed one or more of the following overt acts:

    a.    On or about November 17, 2012, November 30, 2012, December 8, 2012, January 4, 2013, January 17, 2013, January 29, 2013, February 2, 2013, and February 11, 2013, DENNIS NGUYEN traveled from British Columbia, Canada to the United States to meet with CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO, and others known and unknown to the Grand Jury, to conduct cash out activity, that is, to use stolen means of identification, without authorization, to access bank accounts and obtain cash and items of value.

    b.    On or about November 23, 2012, DENNIS NGUYEN provided a cellular phone, a "burn" phone, to CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO for the purpose of facilitating communication in furtherance of the conspiracy.

    c.    On or about December 24, 2012, unnamed co-conspirators, without authorization, placed a modified credit/debit card point-of-sale terminal at a particular chain coffee shop, located on Dunsmuir Street, Vancouver, British Columbia. The modified terminal contained a skimming device that captured magnetic credit/debit card data and PINs and a wireless bluetooth device.

    d.    Beginning on or about December 24, 2012, and continuing until on or about January 24, 2013, unnamed co-conspirators remotely received and stored means of identification of customers of the aforementioned chain coffee shop, located on Dunsmuir Street, Vancouver, namely, magnetic credit/debit card data and PINs, from the modified credit/debit card point-of-sale terminal.

    e.    On or about December 26, 2012, unnamed co-conspirators, without authorization, placed a modified credit/debit card point-of-sale terminal at a particular chain coffee shop, located on Oak Street, Vancouver, British Columbia. The modified terminal contained a skimming device that captured magnetic credit/debit card data and PINs and a wireless bluetooth device.

    f.    Beginning on or about December 26, 2012, and continuing until on or about January 25, 2013, unnamed co-conspirators remotely received and stored means of

identification of customers of the aforementioned chain coffee shop, located on Oak Street, Vancouver, namely, magnetic credit/debit card data and PINs, from the modified credit/debit card point-of-sale terminal.

g. On a specific date in January 2013, DENNIS NGUYEN provided CHRISTOPHER ROLON-GONZALES a red bag containing instrumentalities of the scheme, which ROLON-GONZALES agreed to store for NGUYEN in exchange for payment.

h. On or about December 9, 2012, and January 23, 2013, FRANCISCO MONTES used counterfeit and unauthorized access devices provided by DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, and SANTIAGO ZAYCO to conduct and to attempt unauthorized cash withdrawals at various ATMs in Seattle, Washington, and elsewhere.

i. On or about February 2, 2013, female co-conspirator A used counterfeit and unauthorized access devices provided by DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, and SANTIAGO ZAYCO to conduct and to attempt unauthorized cash withdrawals at various ATMs in Everett, Washington, and elsewhere.

j. On or about February 2, 2013, female co-conspirator B used counterfeit and unauthorized access devices provided by DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, and SANTIAGO ZAYCO to conduct and to attempt unauthorized cash withdrawals at various ATMs in Seattle, Washington.

k. On or about February 3, 2013, CHRISTOPHER ROLON-GONZALES used counterfeit and unauthorized access devices provided by DENNIS NGUYEN to conduct and to attempt unauthorized cash withdrawals at various ATMs in Seattle, Washington, and elsewhere. The victim accounts included those compromised through the skimming activity which occurred at a particular at the aforementioned chain coffee shop, located on Oak Street, Vancouver, British Columbia.

l. On or about February 5, 2013, SANTIAGO ZAYCO used counterfeit and unauthorized access devices provided by DENNIS NGUYEN to conduct and to attempt unauthorized cash withdrawals at various ATMs in Everett and Seattle, Washington, and elsewhere. The victim accounts included those compromised through the skimming activity

which occurred at the aforementioned chain coffee shop, located on Dunsmuir Street, Vancouver, British Columbia.

   m.   On or about February 5, 2013, CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO were in possession of more than 15 counterfeit and unauthorized access devices, namely, approximately 218 counterfeit cards, over $12,000 in cash proceeds of the scheme, and ATM receipts from fraudulent transactions.

   n.   On or about February 5, 2013, CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO were in possession of a red bag, which contained $77,140.00 in cash, approximately 332 counterfeit cards, a cash counting machine, a credit card magnetic strip encoder, a label printer, and other miscellaneous supplies.

   o.   On or about February 11, 2013, DENNIS NGUYEN met with CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO and took receipt of the red bag that had contained counterfeit cards, cash and device-making equipment.

   p.   On or about February 11, 2013, DENNIS NGUYEN was in possession of a laptop computer that contained over 2,600 credit/debit card account numbers.

   16.   As part of their conspiracy, DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, secretly obtained, possessed, transferred, and used the means of identification of potentially thousands of individual cardholders through skimming activity and, using such information, fraudulently obtained multiple hundreds of thousands dollars in cash and funds in the custody and control of financial institutions. To date, the investigation has identified more than 2,600 compromised credit/debit accounts of victims and actual losses that already exceed two hundred thousand dollars ($200,000.00).

   All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNTS 2 THROUGH 4
### (Wire Fraud)

**A.     The Scheme and Artifice to Defraud**

1. Beginning at a time unknown, but within the last five years but not later than November 2012, and continuing through on or about February 11, 2013, at Everett and Seattle, within the Western District of Washington, and elsewhere, the defendants, DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

2. The essence of the scheme and artifice to defraud was to obtain cash, funds, and items of value from financial institutions as well as from merchants and other retail establishments by using means of identification of others, including debit and credit card account information and PINs, without the legitimate owners' knowledge or authorization.

**B.     Manner and Means of the Scheme and Artifice to Defraud**

3. Paragraphs 3 through 16 in Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein, and assert the manner and means of the scheme and artifice to defraud as well as the manner and means of the conspiracy.

**C.     Execution of the Scheme and Artifice to Defraud**

4. On or about the below listed dates, at Everett and Seattle, within the Western District of Washington, and elsewhere, the defendants, as listed below, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below for each count, each transmission constituting a separate count:

//
//
//

| COUNT | DATE | DEFENDANTS | TRANSACTION |
|---|---|---|---|
| 2 | 1/23/2013 | NGUYEN ROLON-GONZALES ZAYCO MONTES | FRANCISCO MONTES used an access device encoded with financial information and a PIN, without authorization from the legitimate owner, to access a VanCity Credit Union account to obtain $360.00 from an ATM located in Seattle, Washington, which caused to be transmitted a wire and signal that traveled in foreign commerce, namely, between the United States and Canada |
| 3 | 2/3/2013 | NGUYEN ROLON-GONZALES ZAYCO | CHRISTOPHER ROLON-GONZALES used an access device encoded with financial information and a PIN, without authorization from the legitimate owner, to access a Royal Bank of Canada account to obtain $120.00 from an ATM located in Seattle, Washington, which caused to be transmitted a wire and signal that traveled in foreign commerce, namely, between the United States and Canada |
| 4 | 2/5/2013 | NGUYEN ROLON-GONZALES ZAYCO | SANTIAGO ZAYCO used an access device encoded with financial information and a PIN, without authorization from the legitimate owner, to access a Royal Bank of Canada account to obtain $120.00 from an ATM located in Everett, Washington, which caused to be transmitted a wire and signal that traveled in foreign commerce, namely, between the United States and Canada |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 5
### (Possession & Attempted Possession of Device-Making Equipment)

On or about February 11, 2013, at Seattle, within the Western District of Washington, the defendant, DENNIS NGUYEN, knowingly and with intent to defraud, did possess, produce, traffic in, have custody and control of; attempt to possess, produce, traffic in, have custody and control of; and aid and abet the production, trafficking, custody and control, and possession of, device-making equipment, namely, a laptop computer, a card encoding device, a label maker, which conduct affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(4), 1029(b)(1) and 2.

## COUNT 6
### (Possession of Counterfeit or Unauthorized Access Devices)

On February 11, 2013, at Seattle, within the Western District of Washington, the defendant, DENNIS NGUYEN, knowingly and with intent to defraud, did possess fifteen or more counterfeit and unauthorized access devices, to wit: approximately 2,607 credit/debit card account numbers, and other means of account access that can be used, alone and in conjunction with another access device, to obtain money, goods, services, and any other thing of value, and that can be used to initiate a transfer of funds; said activity affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT 7
### (Possession of Counterfeit or Unauthorized Access Devices)

On February 5, 2013, at Seattle, within the Western District of Washington, the defendants, CHRISTOPHER ROLON-GONZALES and SANTIAGO ZAYCO, knowingly and with intent to defraud, did possess fifteen or more counterfeit and unauthorized access devices, to wit: counterfeit credit/debit cards, account numbers, personal identification numbers, and other means of account access that can be used, alone and in conjunction with another access device, to obtain money, goods, services, and any other thing of value, and that can be used to initiate a transfer of funds; said activity affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT 8
### (Aggravated Identity Theft)

On or about February 11, 2013, at Seattle, within the Western District of Washington, the defendant, DENNIS NGUYEN, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, to wit: the account number and personal identification number belonging to a real person, during and in relation to a felony listed in Title

18, United States Code, Section 1028A(c), that is, Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029, as alleged in Count 1, above.

All in violation of Title 18, United States Code, Section 1028A(a).

## COUNT 9
### (Aggravated Identity Theft)

On or about February 3, 2013, at Seattle, within the Western District of Washington, the defendant, CHRISTOPHER ROLON-GONZALES, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, to wit: the account number and personal identification number belonging to a real person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), that is, Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029, and Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 and 3, above.

All in violation of Title 18, United States Code, Section 1028A(a).

## COUNT 10
### (Aggravated Identity Theft)

On or about February 5, 2013, at Seattle, within the Western District of Washington, the defendant, SANTIAGO ZAYCO, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, to wit: the account number and personal identification number belonging to a real person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), that is, Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029, and Wire Fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 and 4, above.

All in violation of Title 18, United States Code, Section 1028A(a).

## ALLEGATION OF FORFEITURE

1. The allegations contained in the above paragraphs of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeitures to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and 1029(c)(2), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any offenses charged in Counts 1 through 7, above, in violation of Title 18, United States Code, Sections 1029 and 1343, the defendants, DENNIS NGUYEN, CHRISTOPHER ROLON-GONZALES, SANTIAGO ZAYCO, and FRANCISCO MONTES, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and 1029(c)(2), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the offenses, including, but not limited to, the following:

   a. cash in the amount of no less than $89,860.00, which includes approximately $7,960.00 seized from Santiago Zayco's person and vehicle, approximately $4,760.00 seized from Christopher Rolon-Gonzales' vehicle, and approximately $77,140.00 seized from the aforementioned red bag;

   b. a black 2008 Jeep Cherokee, with British Columbia Plate: 095PXK;

   c. a 2003 Mercedes Benz, with Washington Plate: 302VXN;

   d. a silver 2006 Infinity G35, with Washington Plate: 458WNZ;

   e. a beige 1999 Honda Accord, with Washington Plate: 442VTG;

   f. digital devices used in furtherance of skimming activity, such as a Sony Viao laptop computer, a card encoding device, and cellular telephones; and,

   g. approximately 678 plastic cards.

3. The property to be forfeited includes, but is not limited to the following:

   a. <u>Money Judgment</u>. A sum of money representing the proceeds obtained as a result of the offenses charged in Counts 1 through 7 of this Indictment.

   b. <u>Substitute Assets</u>. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant

| | | |
|---|---|---|
|1| (1) | cannot be located upon the exercise of due diligence; |
|2| (2) | has been transferred or sold to, or deposited with, a third party; |
|3| (3) | has been placed beyond the jurisdiction of the Court; |
|4| (4) | has been substantially diminished in value; or |
|5| (5) | has been commingled with other property which cannot be |
|6| | subdivided without difficulty; |

7 the United States of America shall be entitled to forfeiture of substitute property pursuant

8 to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code,

9 Section 2461(c).

10 All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and 1029(c)(2),

11 and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

DATED: 3-13-13

*[Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States]*

FOREPERSON

JENNY A. DURKAN
United States Attorney

TESSA M. GORMAN
Assistant United States Attorney

STEVEN T. MASADA
Assistant United States Attorney

INDICTMENT/NGUYEN *et al.* - 13